

CHIEF JUSTICE
  ROGELIO VALDEZ

JUSTICES
  NELDA V. RODRIGUEZ
  DORI CONTRERAS GARZA
  GINA M. BENAVIDES
  ROSE VELA
  GREGORY T. PERKES

CLERK
  DORIAN E. RAMIREZ

# Court of Appeals
## Thirteenth District of Texas

NUECES COUNTY COURTHOUSE
901 LEOPARD, 10TH FLOOR
CORPUS CHRISTI, TEXAS 78401
361-888-0416 (TEL)
361-888-0794 (FAX)

HIDALGO COUNTY
ADMINISTRATION BLDG.
100 E. CANO, 5TH FLOOR
EDINBURG, TEXAS 78539
956-318-2405 (TEL)
956-318-2403 (FAX)

www.13thcoa.courts.state.tx.us

July 5, 2012

Hon. Jessica Manojlovich
Assistant Attorney General
P. O. Box 12548
Austin, TX  78711

Re:   Cause No. 13-07-00699-CR
      Tr.Ct.No. 91-CR-1546-E
      MIGUEL HINOJOSA
      v.
      THE STATE OF TEXAS

Dear Ms. Manojlovich:

Pursuant to your request, the following appellate record is being forwarded to you:

1) Opinion and Judgment dated July 10, 2008 (WITHDRAWN)
2) Appellant's (pro se) Motion for Rehearing
3) Opinion on Motion for Rehearing and Judgment dated December 4, 2008
4) Appellant's (pro se) Motion for Rehearing

Please note that it is not necessary to return these copies.

Very truly yours,

Dorian E. Ramirez

Dorian E. Ramirez, Clerk

DER:rgl
cc: Ms. Nelda T. Garcia



NUMBER 13-07-00699-CR

# COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| MIGUEL HINOJOSA, | Appellant, |
| v. | |
| THE STATE OF TEXAS, | Appellee. |

On appeal from the 357th District Court
of Cameron County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion Per Curiam

Appellant, Miguel Hinojosa, attempted to appeal an order issued by the trial court on August 15, 2007. On November 13, 2007, and again on May 13, 2008, the Clerk of this Court notified appellant that it appeared that the order from which the appeal was taken was not an appealable order, and further, that it appeared that the notice of appeal was

untimely filed, and requested correction of these defects within ten days or the appeal would be dismissed. Appellant has failed to respond to the Court's directives.

Accordingly, the appeal is DISMISSED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered
and filed this the 10th day of July, 2008.

COURT OF APPEALS

Thirteenth District

Corpus Christi - Edinburg, Texas

Below is the JUDGMENT in the numbered cause set out herein to be Filed and Entered in the Minutes of the Court of Appeals, Thirteenth District of Texas, at Corpus Christi - Edinburg, as of the 10th day of July, 2008. If this Judgment does not conform to the opinion handed down by the Court in this cause, any party may file a Motion for Correction of Judgment with the Clerk of this Court.

CAUSE NO. 13-07-00699-CR                              (Tr.Ct.No. 91-CR-1546-E)

MIGUEL HINOJOSA,                                                      Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

On appeal to this Court from Cameron County, Texas.

\* \* \* \* \* \* \*

# JUDGMENT

On appeal from the 357th District Court of Cameron County, Texas, from an order signed August 14, 2007. Memorandum Opinion Per Curiam. Do not publish. TEX. R. APP. P. 47.2(b).

THIS CAUSE was submitted to the Court on July 9, 2008, on an unappealable order, an untimely notice of appeal, this Court's notice to correct defects, and appellant's failure to respond. The Court, having considered the documents on file, is of the opinion that the appeal should be dismissed. Accordingly, the appeal is hereby DISMISSED.

It is further ordered that this decision be certified below for observance.

\* \* \* \* \* \* \*

DORIAN E. RAMIREZ, CLERK

*Denied w/o RTO 12/4/08*

july-17-08

Court of Appeals
Thirteenth District of Texas
Clerk Office

FILED
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI
JUL 25 2008
DORIAN E. RAMIREZ, CLERK
BY _____

RE: Appeal Cause No: 13-07-00699-CR
Tr. Ct. No: 91-CR-1546-E

Miguel Hinojosa                                          Appellant

VS.

The State of Texas                                       Appellee

Texas Rules of Appellate Procedure
Base on Rule 49.1 motion for Rehearing

To the Honorable Judge of said Court:

Comes now Miguel Hinojosa, TDCJ-No: 840997, defendant and file this "Pro Se" motion base on Texas Rules of Appellate Procedure on Rule 49.1 motion for Rehearing, under this reasons below.

I

Under Code of Criminal Procedure Art. 26.04; Procedures for Appointing Counsel.

J). An attorney appointed under this Article shall:

1.) make every reasonable effort to contact the defendant not later than the end of the first working day after the date on which the attorney is appointed and to interview the defendant as soon as practicable after the attorney is appointed: (which attorney Philip T. Cowen never did

RECEIVED
JUL 25 2008
13th COURT OF APPEALS

(1.)

try to contact his cilent when defendant forward to letter on 5-18-2008 and 5-30-2005, which are exhibit No. 1 and 2.)

2.) Represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is relieved of his duties by the court or replaced by other counsel after a finding of good cause is entered on the record. (which attorney Philip T. Cowen, show Prejudice to defendant for being appointed on 2-8-08-by judge Leonel Alejandro to indigent defendant. to represent him at every stage of the Appeal proceedings consistent with the protection of sixth and Fourteenth amendments to United States Const.)

K.) A cour may replace an attorney who violates subsection (j) (1) with other counsel. ( why Hon J. Manuel Bañales or Hon. Leonel Alejandro. Because on 5-4-2008, I forward a letter to Hon. judge Leonel Alejandro, Asking him what was the next step. That if judge was file an official Complaint against the unstrupulous atty. P.T. Cowen with the State Bar of Texas.
Are you judge L. Alejandro you are going to appoint another attorney To file an Appeal Brief on my behalf.

II

On Texas Rules of Appellate Procedure rule 38.8. Failure of Appellant to File Brief.

B.) Criminal cases;

1.) Effect. An appellant's failure to timely file a brief does not authorize either dismissal of the appeal or, except as provided in (4), consideration of the

1

(2.)

appeal without brief

4.) Appellate court action. Based on the trial court's record, the appellate court may act appropriately to ensure that the appellant's rights are protected, including initiating comtempt proceedures against appellants counsel.

### III

The unscrupluos Atty. Philip T. Cowen, show lack of Professionalism because he did not want to respond to the Court of Appeal's order and the Judge from 357th, and defendant only because is poor to retain an attorney.

Defendant, Miguel Hinojosa, request this petition from the Court of Appeals Thirteenth District of Texas, to have a hearing and subpoena attorney Philip T. Cowen, to give justification why he acted the way acted for not complying with Court of Appeals and the judge from 357th, and defendant.

The unscruplulous Atty Philip T. Cowen, was "indue" by the state District Attorney. To not to represent defendant because defendant brought to the attention of the court that the "death" of co-defendant Mr. Raul Delgado, is in the hands of the Confidental informant Jesus Delgado; Grand Jury; Brownsville Police Department; and the State of Texas and the trial jury, because the state refuse to bring the informant Jesus Delgado to court and the state give false name of the informant Jesus Delgado ~~the story~~ to defendant, some one call Jesus Delgado indue him not to come to testified in open court.

I am also writing to the media to assist defendant to do a complete investigation on the death of co-defendant Mr. Raul Delgado and Jesus Delgado.

Even the 357th Judge was aware of the abnormalities concerning this unscrupulous attorney Philip T. Cowen, in this appeal Case No. 13-07-00699-CR. and refused to do his job as defendant ask judge to appoint an other attorney as the presiding judiciary and appointed an other attorney.

— miguel Hinojosa

### Inmate Declaration

I, miguel Hinojosa, being presently incarcerated in the Boyd Unit 200 Spur-113, Teague Tx. 75860, in Freestone County Texas, do verify and declare under penalty of perjury that the foregoing statement are True and correct.

— miguel Hinojosa

### PRAYER

Defendant prays this Honorable Court take into consideration that Petitioner is a pro se unlearned in the law and grant his ~~petition~~ petition to reinstate my appeal No: 13-07-00699-CR, Back and defendant be appointed attorney for this appeal.

miguel Hinojosa
miguel Hinojosa
Boyd Unit - H-15-B
200 Spur-113
Teague Tx. 75860

CC File

your reply will be appreciated.

(p.4)



NUMBER 13-07-00699-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

| MIGUEL HINOJOSA, | Appellant, |
|---|---|
| v. | |
| THE STATE OF TEXAS, | Appellee. |

On appeal from the 357th District Court
of Cameron County, Texas.

## MEMORANDUM OPINION ON REHEARING

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion Per Curiam

Appellant, Miguel Hinojosa, was convicted of illegally investing funds to possess marihuana, a felony, and was sentenced to thirty-nine years in prison with a $100,000 fine.[1]

---

[1] This Court reversed Hinojosa's conviction and remanded for a new trial, concluding that the trial court erred in allowing the State to amend the indictment on the date of the trial. *Hinojosa v. State*, 875 S.W.2d 339, 342 (Tex. App.–Corpus Christi 1994, no pet.). After the second trial, Hinojosa was sentenced to ten years' imprisonment.

Hinojosa appears to take issue with a discrepancy pertaining to his sentence. Hinojosa alleges that

further explains that Hinojosa's main contention in his "appeal" is that he desires a copy of the "transcript and documents relating to the commencement of his charges and subsequent indictment" so that "he can use this in an appropriate proceeding to substantiate his perjury allegations and to hopefully thus set aside his conviction." We construe Hinojosa's "appeal" as a post-conviction writ of habeas corpus, see TEX. CODE CRIM. PROC. ANN. art. 11.01 (Vernon 2005) ("The writ of habeas corpus is the remedy to be used when any person is restrained in his liberty."), and we GRANT Hinojosa's motion to dismiss for lack of jurisdiction and motion for leave to file rehearing for the purposes of dismissal for lack of jurisdiction.

## I. APPLICABLE LAW

This Court's habeas corpus jurisdiction is appellate only; we have no jurisdiction to issue writs of habeas corpus in criminal matters. *Denby v. State*, 627 S.W.3d 435, 435 (Tex. App.–Houston [1st Dist.] 1981, orig. proceeding) (per curiam). The power to issue writs of habeas corpus in criminal matters is expressly reserved to the Court of Criminal Appeals, the District Courts, the County Courts, and any judge of such courts. TEX. CODE CRIM. PROC. ANN. art. 11.05 (Vernon 2005). Moreover, the Court of Criminal Appeals has sole jurisdiction to grant post-conviction habeas corpus relief from a final felony conviction. *Id.* art. 11.07 (Vernon Supp. 2007); *Board of Pardons & Paroles ex rel. Keene v. Eighth Court of Appeals*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995). Thus, we have neither original habeas corpus jurisdiction in criminal cases nor post-conviction habeas corpus jurisdiction in felony cases. *See Dodson v. State*, 988 S.W.2d 833, 835 (Tex. App.–San Antonio 1999, no pet.); *see also In re Basquez*, No. 13-07-222-CR, 2007 Tex. App. LEXIS 2825, at **1-2 n.2 (Tex. App.–Corpus Christi Apr. 10, 2007, orig. proceeding) (per curiam)

3

Because Hinojosa's complaint arises from a post-conviction felony habeas proceeding and because this Court does not have jurisdiction to entertain such a proceeding, Hinojosa's complaint should be directed to the Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999). We GRANT Hinojosa's motion to dismiss for lack of jurisdiction and motion for leave to file rehearing for the purposes of dismissal for lack of jurisdiction, and we DENY Hinojosa's pro se motion for rehearing.

Accordingly, the appeal is hereby DISMISSED FOR LACK OF JURISDICTION.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).
Memorandum Opinion on Rehearing delivered
and filed this the 4th day of December, 2008.

COURT OF APPEALS

Thirteenth District

Corpus Christi - Edinburg, Texas

Below is the JUDGMENT in the numbered cause set out herein to be Filed and Entered in the Minutes of the Court of Appeals, Thirteenth District of Texas, at Corpus Christi - Edinburg, as of the 4th day of December, 2008. If this Judgment does not conform to the opinion handed down by the Court in this cause, any party may file a Motion for Correction of Judgment with the Clerk of this Court.

CAUSE NO. 13-07-00699-CR                                    (Tr.Ct.No. 91-CR-1546-E)

MIGUEL HINOJOSA,                                                                Appellant,

v.

THE STATE OF TEXAS,                                                              Appellee.

On appeal to this Court from Cameron County, Texas.

* * * * * * *

# JUDGMENT

This Court's judgment issued on July 10, 2008, is hereby ordered withdrawn, and the following is substituted therefor.

On appeal from the 357th District Court of Cameron County, Texas, from an order signed August 14, 2007. Memorandum Opinion on Rehearing Per Curiam. Do not publish. TEX. R. APP. P. 47.2(b).

THIS CAUSE was submitted to the Court on July 9, 2008, on an unappealable order, an untimely notice of appeal, this Court's notice to correct defects, appellant's failure to respond, and is now before the Court on appellant's pro se motion for rehearing and appellant's motion to dismiss for lack of jurisdiction and motion for leave to file rehearing for the purposes of dismissal for lack of jurisdiction. The Court, having considered the documents on file, is of the opinion that the motion for rehearing should be denied, appellant's motion to dismiss for lack of jurisdiction and motion for leave to file rehearing for the purposes of dismissal for lack of jurisdiction should be granted, and the appeal should be dismissed for lack of jurisdiction. Accordingly, appellant's pro se motion for rehearing is DENIED, appellant's motion to dismiss for lack of jurisdiction and motion for leave to file rehearing for the purposes of dismissal for lack of jurisdiction is GRANTED, and the appeal is hereby DISMISSED FOR LACK OF JURISDICTION.

It is further ordered that this decision be certified below for observance.

* * * * * * *

DORIAN E. RAMIREZ, CLERK

Denied 1/09/09

Appeal No: 13-07-00699-CR                                    12-15-2008
Trial No: 91-CR-1546-E

Court of Appeals Thirteenth
Judicial District, Corpus Christi, Texas

Miguel Hinojosa - Appellant    VS.    The State of Texas -

FILED IN THE 13TH COURT OF APPEALS CORPUS CHRISTI
DEC 22 2008
DORIAN RAMIREZ, CLERK
BY
RECEIVED
DEC 22 2008
13th COURT OF APPEALS

Motion For Rehearing

To the Honorable Judge of said Court:

Comes, appellant and files this motion for Rehearing on judgment and the Opinion from 12-4-2008, Base on the following violations of my United States Constitutional Right, Denial of Due Process of law and Equal Protection of the law with a combination of prejudge by Court of Appeals and Attorney Philip T. Cowen.

I

Jurisdiction is bestowed upon Court of Appeals, it was the one who reversed and remand for new trial on 3-10-1994, but, instead Defendant had a Reversed and Remanded for a Kangaroo Court Trial, which Defendant was not treated as a human being But, treated as a Robot without any Constitutional rights. If the State caused the Mistrial and held to his error when amended the indictment when Defendant objected and Jury was impaneled and sworn at the same time jeopardy attaches but, went to the second trial on January-9-1995. The Jurisdiction goes back to the Court of Appeals because the low court did obey the Court of Appeals decison.

p. 1.

II

A) Attorney Philip T. Cowen, is not my or Appellant Appeal Attorney since never comply to communicated with Appellant.

B) Counsel failed to give reply on my letters that Appellant send him requesting if he was not going to help me in my appeal to inform me, so I could request another attorney to the judge from 357th court-room which is Hon. J. Manuel Bañales.

C) The court of Appeals on July-10-2008, dismissed my appeal No: 13-07-00689-CR.

D) On 5-4-2008, I foreward a letter to Hon. Judge L. Alejandro, ask if him if he was going to appointed another attorney to file my appeal brief and if he was going to file an official complaint against atty. P.T. Cowen with the State Bar of Texas.

E) On 7-21-2008 - Foreward a Defendant Request Appointment of Attorney, to Hon. Judge of said Court 357th.

F) On 6-23-2008, Appellant foreward a letter Court of Appeal 13th Judicial District, requesting Court of Appeals to file an legal official Complaint of Contempt against atty. Philip T. Cowen, for not complying with the order of Court of Appeals.

miguel Hinojosa

### Inmate Declaration

I, miguel Hinojosa, T.D.I.C.J. ID No. being presently incarcerated in _____ unit in Freestone County Texas, do verify and declare under penalty of perjury that the foregoing statement are true and correct.   miguel Hinojosa.

### Certificate of Service

This is to certify that on 12-15-2008, a true and correct copy of the above and foregoing document motion for Rehearing was served on the District's Attorney's office, and to Law office of Philip Cowen 500 E. Levee st. and 924 E. Harrison st. at Brownsville Tx. 78520.

### Prayer

Appellant, pray this Court of Appeals, take into consideration that Appellant is a pro-se unlearned in the law and grant this motion for Rehearing.   miguel Hinojosa